UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

VERNON CHAPMAN,            )
                           )
         Petitioner,       )
                           )
vs.                        )   No. 2:15-cv-0083-WTL-WGH
                           )
L. LARIVA, Warden,         )
                           )
         Respondent.       )

**Entry and Order Dismissing Action**

**I.**

This cause is before the court on the petition for writ of habeas corpus of Vernon Chapman, on the respondent's return to show cause and on Chapman's reply.

Whereupon the court, having considered such pleadings and the expanded record, and being duly advised, now finds that the habeas petition must be denied. This conclusion rests on the following facts and circumstances:

1.  Chapman is confined in this District but was formerly confined at the Metropolitan Correctional Complex in Chicago ("MCC").

2.  While at the MCC, Chapman was charged with violating prison rules. Specifically, Chapman was charged with Assaulting Any Person based on an incident that occurred on December 31, 2013. This charge is set forth in Incident Report No. 2534237, written on January 6, 2014. The conduct report recites that on the morning of December 31, 2013, Chapman entered cell 1611 and pushed inmate Zajac to the cell floor.

3. Chapman received a copy of the conduct report in the late afternoon of the day it was written. He was notified of his procedural rights in connection with it on December 12, 2014. A hearing on the charge was conducted by a Disciplinary Hearing Officer ("DHO") on January 24, 2014. The DHO found Chapman guilty of the charged misconduct. The findings of the DHO were consistent with the allegations of the incident report as described above. The sanctions imposed included the forfeiture of a period of good time credit.

4. This action was then filed after Chapman's administrative challenge to the proceeding was rejected.

5. Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief pursuant to 28 U.S.C. § 2241. *Jackson v. Carlson,* 707 F.2d 943, 946 (7th Cir. 1983). When a DHO hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive due process protections: 1) written notice of the claimed violation at least twenty-four (24) hours in advance of the hearing; 2) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would not be unduly hazardous to institutional safety or correctional goals; 3) aid in presenting a defense if the inmate is illiterate or the complexity of the case makes it unlikely that the inmate will be able to collect and present the necessary evidence for an adequate comprehension of the case; 4) an impartial tribunal; and 5) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action. *See Wolff v. McDonnell,* 418 U.S. 539, 564–72 (1974). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

6. Using the protections recognized in *Wolff* and Hill as an analytical template, Chapman received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Chapman was given the opportunity to appear before the DHO and make a statement concerning the charge, including eliciting statements from two witnesses he had requested, (2) the DHO issued a sufficient statement of the findings, and (3) the DHO issued a written reason for the decision and for the sanctions which were imposed.

7. Chapman's contentions otherwise are either irrelevant to the proceeding or refuted by the expanded record. He is not entitled to relief based on them. For example, Chapman argues that the DHO made improper credibility judgments, but making such judgments is for the hearing officer and cannot be second guessed by a reviewing court. *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill,* 472 U.S. 445, 457 (1985). Chapman was not denied exculpatory evidence and the evidence not disclosed to him was found reliable because it was corroborated by other evidence. *See, e.g., Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361–62 (7th Cir. 1992). In a related vein, Chapman argues that there was not sufficient evidence to support the DHO's finding. He is wrong. The due process standard established by *Hill* requires at least "some evidence," meaning "only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786*; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Here, the incident report is clear and provides a detailed account of the incident and that account was both based on and consistent with a videotape. The evidence here was constitutionally sufficient. *See Henderson v. United States Parole Comm'n,* 13

F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented.").

8. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Chapman to relief. Accordingly, he is not entitled to the relief he seeks. That petition must therefore be **denied** and the action dismissed.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/24/15

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

VERNON CHAPMAN
42774-424
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808